**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gerald H. DREW, Defendant–**
**Appellant.**

No. 07–30099.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2007.*

Filed Dec. 14, 2007.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

USAK—Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Herbert A. Viergutz, Esq., Barokas & Martin, Anchorage, AK, for Defendant–Appellant.

Before: McKEOWN and CLIFTON, Circuit Judges, and SCHWARZER,[**] District Judge.

### MEMORANDUM [***]

Gerald H. Drew appeals the district court's denial of his motion to suppress and his motion for a hearing pursuant to *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). We affirm the decisions of the district court.

■ Drew argues that there was no probable cause supporting the search warrant for an Anchorage residence, the execution of which provided the basis for his indictment and arrest. This argument fails because the affidavit supporting the warrant contained evidence that a known drug dealer was staying at the residence during the same period of time that the dealer was making sales to a confidential source. This is sufficient to support a finding of probable cause. *See United States v. Terry,* 911 F.2d 272, 275–76 (9th Cir.1990). For the same reason, Drew's arguments that his indictment should be dismissed and that the firearm found in his vehicle after he was arrested should be suppressed are without merit.

■ In support of his argument that the district court erred in denying his motion for a *Franks* hearing, Drew contends that the affidavit supporting the search warrant

---

[**] The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

[***] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

was "incomplete or omitted credible evidence" that would have demonstrated to the issuing magistrate that there was no probable cause supporting the warrant. However, Drew has failed to make "a substantial preliminary showing that (1) the affidavit contains intentionally or recklessly false statements or misleading omissions, and (2) the affidavit cannot support a finding of probable cause without the allegedly false information." *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir.2000). Drew points out only that the drug trafficker did not officially reside at the residence in question, and that Drew's mother was the legal owner of the residence. Even if these were considered "misleading omissions," observations of the drug trafficker and her vehicle at the residence in the days surrounding the drug sales provided a sufficient basis for probable cause.

**AFFIRMED.**